# Margaretta Schad's Appeal.

88  111
164  383

88  111
f196  578

S., executed in favor of his wife the following instrument of writing: "Pittsburgh, 11th Dec. 1875, I, Conrad Schad, husband of Margaretta Schad, have insured my life with the Knickerbocker Co., in New York, for four thousand dollars ($4000). I, Conrad Schad, assign the whole amount, four thousand dollars, to my wife, Margaretta Schad, after my death, when she can do with it according to her best will, without partiality toward her children. This I have written with good sound mind, and set my name to it. CONRAD SCHAD,"—which instrument was with other evidence, offered to prove an assignment of the policy mentioned to the wife, who, as administratrix, was sought to be charged with the amount of the policy. Held, that under the Act of April 15th 1868, Pamph. L. 103, the burden of proof was on the wife to show clearly a bona fide assignment; that the instrument was testamentary in its character; that the wife, as administratrix, was bound to account for and was properly surcharged with the amount of the insurance.

October 12th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Appeal from the Orphans' Court of Allegheny county: Of October and November Term 1878, No. 256.

Appeal of Margaretta Schad from the decree of the court surcharging her as administratrix of the estate of her husband, Conrad Schad, deceased, with the proceeds of a policy of insurance on the life of said decedent.

Conrad Schad, of Pittsburgh, Pa., was killed by a fall from a wagon on June 30th 1876.

Margaretta Schad, on July 6th 1876, took out letters of adminis-

[Schad's Appeal.]

tration, giving an administration bond, with sureties in the sum of $2000.

The administratrix filed her account January 16th 1878.

The Orphans' Court, on exceptions filed by the creditors of Conrad Schad, deceased, surcharged the administratrix with the sum of $3515.22, the proceeds of a policy in the Knickerbocker Life Ins. Co., on the life of said Conrad Schad.

This was the main question involved in this appeal, and in this it was claimed the court erred.

The said policy was taken out on the life of Conrad Schad, on the 25th of October 1869, for the benefit of himself. In connection with the policy was offered in evidence the following, written by Conrad Schad, in German, in a book belonging to him, this being a free translation :

"Pittsburgh, 11th December 1875. I, Conrad Schad, husband of Margaretta Schad, have insured my life with the Knickerbocker Company, in New York, for four thousand dollars ($4000). I, Conrad Schad, assign the whole amount, $4000, to my wife, Margaretta Schad, after my death, when she can do with it according to her best will, without partiality toward her children. This I have written with good sound mind, and set my name to it.

                                        CONRAD SCHAD."

It was objected that this was a testamentary paper, and as such, not properly proven, and the objection was sustained. There was also some oral evidence of a gift of the policy by Conrad Schad to his wife in 1874. Upon testimony, on argument, the court below, Hawkins, P. J., decided that the wife, as administratrix, be surcharged with the amount of the insurance, in an opinion, saying :

"If it be meant by the expression used in the Act of April 15th 1868, Pamph. L. 103, 'assigned bona fide,' that there should be an actual assignment, that fact must be clearly shown ; if it be meant that the assignment must be without intentional fraud upon creditors, that fact must be shown. In either view, the burden of proof is on Mrs. Schad in this case. Prima facie the title to the fund claimed is in the estate.

"1. There can be no doubt that the attempted written disposition by Conrad Schad of his policy of life insurance was testamentary in character : Frew v. Clarke, 30 P. F. Smith 170. It was not to take effect, by its terms, until after his death. Not having been proved in the mode prescribed by law, it was not admissible in evidence as a will. If it had been admissible, the testator being insolvent at the time of his death, the legatee would take nothing. But it is of value, indeed necessary, in explaining Schad's declarations and the sense in which he used the word 'assigned,' in respect of his policy. Those declarations refer to an act of disposition, and the testimony of the insurance agent sufficiently identifies this writing as being that act. That writing is therefore the best

[Schad's Appeal.]

eviaence of Schad's intentions. The evidence of his declarations is merely secondary and referential in character. It follows that he did not make an assignment, but a testamentary disposition. The word 'assigned' was used in the sense of 'willed.' This view is strengthened by Schad's possession of the policy; by his personal interest in keeping the policy alive; by the testimony of the insurance agent, who was the only disinterested witness called on this branch of the case; and by the payment of premiums out of funds which otherwise should have been appropriated to the claims of creditors; and is consistent with an honest purpose. The written disposition must be presumed to have been made with deliberation and care, and without any intention other than that which appears on its face.

" 2. The intention of Schad with respect to his creditors in his attempted disposition of this policy can only be inferred; there is no direct evidence. If that disposition was testamentary, it was clearly without fraud; his beneficiary would take subject to their claims; if it was intended as an assignment, it was certainly not made 'bona fide' so far as they were concerned; it was the fruit of property to which they were justly entitled. He was totally insolvent at the time of the alleged assignment, and so continued to the time of his death. With the proceeds of this policy constituting part of the assets of the estate, a large number of creditors will get a dividend on their claims; without it, they will get nothing, although some of them, it is fair to presume, are in as needy circumstances as this widow. It is impossible to see upon what principle of justice or equity their title to the fund can be denied. Mrs. Schad paid nothing for it; for she had no means with which to pay. She has therefore no equity as against these creditors."

The accountant took this appeal, alleging that the court erred in surcharging her with the proceeds of the policy.

*George B. Brown* and *W. C. Friend*, for appellant.

*Chris. Magee, Thos. Mellon, C. F. McKenna, J. G. Bryant, Morton Hunter, R. B. Carnahan, John J. Mitchel, J. H. Baldwin* and *W. A. Lewis*, for appellees.

The judgment of the Supreme Court was entered, October 28th 1878,

PER CURIAM.—Upon the facts found by the judge of the Orphans' Court, which seem to be supported by the evidence, his decree appears to be right. The paper called the assignment is testamentary in its character; and the policy appears to have remained in the possession of Conrad Schad until his death.

Decree affirmed, with costs to be paid by the appellant: and the appeal is dismissed.