## APPEAL OF S. M. MANIFOLD.

[ESTATE OF WILLIAM GAMBLE, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF YORK COUNTY.

Argued May 23, 1889—Affirmed at Bar.

Where two legacies are bequeathed to the same person, one by the will and the other by the codicil, and the testator has given both of the legacies simpliciter; in such case, in the absence of intrinsic evidence, as the testator has given twice, he must prima facie be intended to mean two gifts, and the gift in the codicil is not substitutionary.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 470 January Term 1889, Sup. Ct.; No. and Term O. C. not given.

On December 10, 1886, Anne Martha Gamble presented her petition to the Orphans' Court setting forth that William Gamble, her brother, had died at York on May 18, 1886, leaving a will dated June 3, 1880, and duly admitted to probate on May

20, 1886, wherein he had bequeathed and devised all his estate, real and personal, to certain persons, in trust, out of the rents, issues and profits thereof, among other things,

" To pay to my dear Aunt Susanna Dill of Ramelton aforesaid an annuity or yearly sum of Forty pounds to be paid to her by quarterly payments in every year during her life

" To my dear Sister Anne Martha Gamble at present residing in the Empire of Japan an annuity or yearly sum of Fifty pounds to be paid to her by quarterly payments in every year during her life

" To my dear father William Gamble of Ramelton aforesaid an annuity or yearly Sum of Twenty-five pounds to be paid to him by quarterly payments in every year during his life

" To my dear Nephew Robert Gamble of Woodbine in York County Pennsylvania United States of America an annuity or yearly Sum of Fifty dollars to be paid to him annually during his life provided however the net income of the property Coming to my wife and children is not less than Fifteen hundred dollars per annum "

That by a codicil to said will, dated May 14, 1886, and admitted to probate therewith, the testator provided :

" I wish my brother Robert Gamble my wife Phinie & Rev John Wherry & James Buchanan of Shanghai to be & act as my Executors.

" I also wish my brother Robert my sister Ann & Robert Heistand Gamble each to have One Hundred Dollars & my Aunt Susan Dill of Ireland to have not less than Two Hundred Dollars per annum during her life and their lives each "

That the executors and trustee had paid to the petitioner as legatee, two payments, one of $95 and one of $100, but had refused to pay her the annuity of £50 under the will or any part thereof, praying for a citation, which was awarded.

To this citation, S. M. Manifold, then substituted trustee, answered that as he was advised the petitioner was entitled to receive as legatee but $100 annually.

The cause was heard on petition and answer by LATIMER, J., who filed the following opinion :

The sole question is whether the legacy or annuity of $100 per annum bequeathed to the petitioner by the second codicil

Opinion of the Court.

to the will, is substitutionary for the annuity of £50 bequeathed to her by the will, or whether it is cumulative.

I can find nothing in the case to take it out of the operation of the general rule laid down in 2 Roper on Legacies, 999, thus : "When two legacies are bequeathed to the same person by different testamentary instruments, viz. : one by the will and the other by the codicil ; or when they are given by different codicils, and the testator has given both of the legacies simpliciter, the court in such cases, in the absence of intrinsic evidence, considers that as the testator has given twice, he must prima facie be intended to mean two gifts ; and it seems to be immaterial, whether the legacies are of equal or unequal amounts, or whether they are of the same or different natures." There is no intrinsic evidence, in this will or codicil, of any intention to substitute the gift in the latter for the one contained in the former, and the legatee is entitled to receive both. She has been paid the annuity bequeathed in the codicil and no further payment will be due on that account until May 18, 1889. But she has received nothing on account of the annuity of £50 bequeathed to her by the will, to be paid in quarterly instalments. As to that, she is entitled to receive the sum of twelve and one half pounds sterling every quarter year commencing on May 18, 1887, one year from testator's death, and to recover interest on the delayed payments.

Decreed accordingly.

A decree having been entered in accordance with the foregoing opinion, the respondent took this appeal assigning said opinion and decree as error.

*Mr. A. C. Reinoehl,* for the appellant.

Counsel cited : Sections 13, 14, act of April 8, 1833, P. L. 249 ; Jarman on Wills, 343 ; Neff's App., 48 Pa. 501 ; Rudy v. Ulrich, 69 Pa. 182 ; Reichard's App., 116 Pa. 232.

*Mr. James Kell,* for the appellee.

Counsel cited : Hooley v. Hatton, 1 Br. C. C. 390 ; 2 Lead. C. in Eq., 285* ; Lee v. Pain, 4 Hare     , (33 Eng. Ch.     ).

PER CURIAM:

On the argument at Bar,

Judgment affirmed.