### In re L. HAMMEL & CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1915.)

#### No. 184.

BANKRUPTCY ⊜⊷143 — ADMINISTRATION OF ESTATE — INSURANCE POLICY — CHANGE OF BENEFICIARY.

Under Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (Comp. St. 1913, § 9654), providing that, where a bankrupt has a life insurance policy payable to himself or his estate, which has a cash surrender value, he may pay such value to the trustee and retain the policy, the court cannot compel a bankrupt, who had taken out an insurance policy, in which his wife was designated as beneficiary, but which gave him the right to change the beneficiary, and which had no cash surrender value, but on which he could borrow a fixed sum with the consent of the beneficiary, but not otherwise, to substitute himself as beneficiary and borrow the amount of the loan value of the policy for the benefit of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213-217, 223, 224; Dec. Dig. ⊜⊷143.]

⊜⊷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

This cause comes here on petition to revise an order of the District Court, Southern District of New York. The order directed the trustee in bankruptcy of Max Hofmann, one of the members of the firm of L. Hammel & Co., bankrupts, to hold a life insurance policy of the bankrupt under the provision of section 70a of the Bankruptcy Act.

Emanuel S. Cahn, of New York City, for petitioner.

Lawrence B. Cohen, of New York City (Myron L. Lesser, of New York City, of counsel), for respondent.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The policy, which was issued by the New York Life Insurance Company August 25, 1903, insured the life of Max Hofmann for $3,000, for the benefit of his wife, Bertha Hofmann. It provided that the insured might change the beneficiary of the policy at any time by written notice to the company; also that he might at any time declare any beneficiary then named to be an absolute beneficiary, after which designation all right to change the interest of the beneficiary shall cease. If any beneficiary or absolute beneficiary should die before the insured, the interest of such beneficiary shall be payable to the executors or administrators of the insured. Hofmann never declared any absolute beneficiary. It is objected that this petition to revise should have been taken by or joined in by the bankrupt. In the view we take of the merits of the case, the objection seems unimportant.

The policy has no "cash surrender value," either provided for on its face, or established by concession and practice of the company, as in Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771. It is contended that it had a "loan value"; that is, under its provisions the insured might now borrow of the company about $2,000 on the sole security of the policy. This loan, however, would be made only in the event that the beneficiary consented to it and signed the note or agreement for repayment of said loan. Life insurance is property, and would as such pass to the trustee under the same conditions as other property, were it not for the proviso to section 70a, which was construed by this court in Re Judson, 192 Fed. 834, 113 C. C. A. 158, and by the Supreme Court in Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, where the court says:

"True it is that life insurance policies are a species of property and might be held to pass under the general terms of subdivision 5, section 70a, but a proviso dealing with a class of this property was inserted and must be given its due weight in construing the statute."

In the case last cited the beneficiary was the estate of the insured and the policy had a cash surrender; it was held that upon the payment of that sum to the trustee the policy should be undisturbed. The question here presented is whether, under the ruling in the Crouse

Case, the loan value of this policy is to be treated as a surrender value, and the sum which can be borrowed on it from the company is to be borrowed and turned over to the trustee.

Not a dollar can be obtained on this policy from the company, unless the beneficiary consents and signs the loan agreement. That beneficiary is now Bertha Hofmann. The contention is that the insured should, under the power reserved in the contract with the insurance company, cancel the original designation of a beneficiary, and substitute himself or his estate, should then obtain the loan from the company and turn it over to the trustee—possibly the trustee, if the designation were changed to insured's estate, might himself obtain the amount of the loan from the company—that proposition need not be passed upon.

Twelve years ago the bankrupt took out this policy for the benefit of his wife, so as to secure to her $3,000 in the event of his death. This was a laudable and proper thing to do; public policy encourages the making of such provisions for an uncertain future. The policy contains a clause authorizing the insured to change his beneficiary, a perfectly proper clause; she might predecease him, or desert him, or become unfaithful. There is nothing to suggest any such reason for making a change. On the contrary, the presumption is that now, when he is a bankrupt, and his death in the near future would, except for this insurance, possibly leave her in poverty, he would not voluntarily cancel his designation of her as the beneficiary. It cannot be assumed that, of his own motion, he would take away from her the small sum which the beneficial system of life insurance and his own savings during 12 years have made it possible to secure to her as a last resource, should he die and leave nothing behind him. The proposition that he should be constrained against his will, by an order enforceable by imprisonment in the event of disobedience, to deprive his wife of her present interest in the policy, to make himself the beneficiary, to borrow two-thirds of the $3,000 from the company, and turn it over to his creditors, and then to make her again the beneficiary of the remaining third, seems contrary to public policy and to good morals. We are unwilling to give this effect to the statute, unless constrained to do so either by its language or by controlling authority.

Since we are not satisfied that Burlingham v. Crouse requires such a disposition of the question presented, the order of the District Court is reversed.