## In re ARKIN et al.

### Appeal of GOIDEL.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

No. 186.

BANKRUPTCY ⊂⇒143(12)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

The trustee in bankruptcy cannot compel the surrender of an insurance policy on the life of the bankrupt, which had a cash value, but which he testified was the property of his wife, who was sole beneficiary, and who paid the premiums, even though the bankrupt had power to change the beneficiary.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. ⊂⇒143(12).]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Louis Arkin and J. Lionel Guild, individually and as copartners composing the firm of Arkin & Guild, bankrupts. From an order of the District Court, reversing an order of the referee which directed the surrender of a policy of life insurance upon the life of one of the bankrupts, Harry A. Goidel, as trustee in bankruptcy, appeals. Affirmed.

On appeal by the trustee in bankruptcy from an order of the District Court for the Southern District of New York which reversed an order of the referee which directed the surrender of a policy of insurance issued by the Metropolitan Life Insurance Company upon the life of the bankrupt Guild.

Eugene L. Bondy, of New York City, for appellant.

Benjamin Frindel, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The question here is whether the bankrupt's wife or his trustee in bankruptcy is entitled to a policy of insurance on his life. The referee directed the bankrupt to turn over the policy to his trustee in bankruptcy. The District Judge reversed this decision upon the authority of the Hammel Case, 221 Fed. 56, 137 C. C. A. 80, and Burlingham v. Crouse, 181 Fed. 479, 104 C. C. A. 227, affirmed 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148. The question is an interesting one, but in view of the bankrupt's testimony that the policy was the property of his wife, she being the sole beneficiary and having paid the premiums, we think any doubt should be resolved in her favor.

In principle the case at bar cannot be distinguished from the Hammel Case; in one case the policy had a cash surrender value and in the other a loan value, but the language of the court is equally applicable to the case at bar. At page 58 of 221 Fed., at page 82 of 137 C. C. A., Judge Lacombe says:

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The proposition that he should be constrained against his will, by an order enforceable by imprisonment in the event of disobedience, to deprive his wife of her present interest in the policy, to make himself the beneficiary, to borrow two-thirds of the $3,000 from the company, and turn it over to his creditors, and then to make her again the beneficiary of the remaining third, seems contrary to public policy and to good morals."

The order is affirmed.