FREDERICK v. METROPOLITAN LIFE INS. CO. OF NEW YORK.

(District Court, W. D. Pennsylvania.    July 12, 1916.)

No. 1 November Term, 1915.

BANKRUPTCY ☞396(3)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE.

Under Act Pa. April 15, 1868 (P. L. 103), providing that all policies of insurance on the life of any person taken out for the benefit of, or assigned to, a wife or dependent relative, shall be property of the beneficiary, and not subject to the debts of such person, and Bankr. Act July 1, 1898, c. 541, § 6a, 30 Stat. 548 (Comp. St. 1913, § 9590), which provides that the act shall not affect the allowance of exemptions under state laws, insurance on the life of a bankrupt made payable to his wife, although the designation of the beneficiary is revocable by him, is for the benefit of the wife and exempt where no revocation has been made, and no interest therein passes to his trustee under section 70a (section 9654).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 667; Dec. Dig. ☞396(3).]

At Law. Action by Elliott Frederick, trustee in bankruptcy of the estate of John E. Schmidt, against the Metropolitan Life Insurance Company of New York. Trial to court, and judgment for defendant.

Alpern & Seder and L. C. Barton, all of Pittsburgh, Pa., for plaintiff.

Jennings & Jennings, of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This action is brought by a trustee in bankruptcy to recover the amount of a policy of insurance on the life of the bankrupt. By stipulation filed, the parties waived a trial by jury, submitting the case to the adjudication of the court.

### Findings of Fact.

(1) An involuntary petition in bankruptcy was filed on December 19, 1912, against John E. Schmidt, and on January 8, 1913, he was duly adjudged a bankrupt, and Elliott Frederick, the plaintiff herein, was elected trustee of the estate and duly qualified and acted as such trustee.

(2) At the date of the filing of the petition and adjudication, the bankrupt was the owner of a certain policy of life insurance in the Metropolitan Life Insurance Company, issued on July 10, 1909, in the sum of $5,000, being an ordinary life policy, payable on the death of the insured to Anna M. Schmidt, wife of the insured, beneficiary, with the right of revocation.

(3) On April 4, 1913, John E. Schmidt died, leaving his said wife surviving, and due proof of his death was made and delivered to the defendant company and by it accepted.

(4) At the time of the filing of the petition and adjudication, the said policy had a cash surrender value of $524.04, but the same was not included in the schedules of the bankrupt.

(5) The said policy contained the following provision:

"Change of beneficiary.—When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, if there be no existing assignment of the

policy made as herein provided, may while the policy is in force designate a new beneficiary with or without reserving right of revocation, by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon. Such change shall take effect upon the indorsement of the same on the policy by the company. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

The right of revocation was duly reserved by the terms of the policy.

(6) The insured did not exercise, or attempt to exercise during his lifetime, either before or after the adjudication in bankruptcy, the right of revocation by designating a new beneficiary, in the manner provided by the policy or otherwise, and on April 22, 1913, the defendant company paid to Anna M. Schmidt, the beneficiary named in the policy, the amount of the policy in full.

(7) The petition in bankruptcy was filed on December 12, 1912, the adjudication was had on January 8, 1913, and the bankrupt died on April 4, 1913.

This is an ordinary life policy, taken out by the insured at the age of 54. The policy provides that:

The company, "in consideration of the annual premium of $212.41, and with the payment of a like amount on each tenth day of July hereafter, until the death of the insured, promises to pay at the home office of the company in the city of New York, upon receipt at said home office of due proof of the death of John E. Schmidt, of Rochester, county of Beaver, state of Pennsylvania, herein called the insured, five thousand dollars, less any indebtedness hereon to the company and any unpaid portion of premium for the then current policy year upon the surrender of this policy properly receipted, to Anna M. Schmidt, wife of the insured, beneficiary, with right of revocation."

It will be noted that thus far there is no condition by which the policy is payable in any case to the insured, to his estate, or to his executors, administrators, or assigns; the payment being unconditionally to the wife, with right of revocation. Then follows the clause above quoted, authorizing a change of beneficiary. The method of effecting this change is therein pointed out, namely:

"By filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement thereon. Such change shall take effect upon the indorsement of the same on the policy by the company."

Then follows the provision:

"If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

There is a later clause that:

"No assignment of this policy shall be binding upon the company unless it be filed with the company at its home office."

Looking, then, at the policy with its conditions, these propositions may be stated:

First. The interest of the wife in the policy, during the life of the insured, is not a permanent or vested interest, but inchoate and expectant. Hopkins v. Northwestern Life Assur. Co., 99 Fed. 199, 40 C. C. A. 1.

Second. This interest or expectancy of the wife can be defeated only by her death before the insured, or by the latter exercising his

right to change the beneficiary. If neither of these conditions occur, on the death of the insured the wife's interest becomes vested and absolute.

Third. The conditions under which a change in beneficiary must be effected are for the protection of the insurer, and must be strictly followed unless waived by the company. Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19; Appeal of Vollman, 92 Pa. 50.

In this case there is no pretense that any change of beneficiary was made or attempted. On the death of the insured, and proper proofs of death made, the company paid the policy in good faith to the party designated in its contract as sole beneficiary therein, without notice of any character as to any adverse claim thereto. And now, after payment, the trustee in bankruptcy of the insured brings this action to compel the company to pay the policy again. There never was any contract relation between the insurance company and the creditors of the insured. Its contract was to pay the wife $5,000 on the death of the insured. Two conditions were attached to the contract: That the insured might change the beneficiary in the manner prescribed; and, if the beneficiary died before the the insured, the interest of the beneficiary should vest in the insured. Neither of these conditions happened, and therefore, under the terms of the policy, the defendant company never became indebted to the insured, to his estate, to his personal representatives, or to his creditors.

But notwithstanding this, it is claimed that there was a surrender value to the policy; that this surrender value at least was an asset of the bankrupt's estate which passed to his trustee under section 70a of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. 1913, § 9654]); that the company had presumptive notice of the bankruptcy of Schmidt; and that under the provisions of said section of the bankruptcy act, inasmuch as the bankrupt did not elect to pay or secure to the trustee the cash surrender value of the policy within 30 days after the same was ascertained, the trustee is entitled to the whole amount of the policy. If this be true, it is certainly a novel legal situation. There has apparently been much conflict of authority in the federal courts as to the rights of creditors and other claimants to the proceeds of life insurance policies where the insured became bankrupt, arising under sections 6 and 70a of the act of Congress. I will not stop to consider these cases in particular. The conflict is often more apparent than real. This is due to the differing terms of the policies, the widely different facts of the several cases, the difference in the provisions of the acts of assembly of the several states where the cases have arisen, relating to exemptions, and the fact that many of the decisions were rendered before any authoritative deliverance of the Supreme Court on the subject. But the case of Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, furnishes a rock on which we can stand. That decision has settled definitely and finally these propositions:

(a) That section 6 of the Bankruptcy Act, which provides as follows:

235 F.—41

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition"

—is couched in unlimited terms and is accompanied with no qualification whatever.

(b) That it has always been the policy of Congress, both in general legislation and in bankrupt cases, to recognize and give effect to state exemption laws, and that section 6 adopts for the purposes of bankruptcy proceedings the exemptions allowed by the laws of the several states.

(c) That section 70a, and the proviso found therein relating to insurance policies, imposes no limitation whatever upon the terms of section 6. That this section does not deal with exemptions, but solely with the nature and character of the property the title to which passes to the trustee in bankruptcy, and that all exempt property is excluded from its provisions.

This decision set at rest much of the conflict which theretofore existed in the courts with reference to these sections. For instance, Steel v. Buel, 104 Fed. 968, 44 C. C. A. 287, held that the proviso to section 70a does not qualify the exemptions accorded by section 6, while the Circuit Court of Appeals for the Ninth Circuit, in Re Scheld, 104 Fed. 870, 44 C. C. A. 233, 52 L. R. A. 188, took the opposite position. These are an illustration of the conflicting views taken by the courts. Holden v. Stratton has cleared the case of fractions. Section 6 recognizing and intending to give effect to the exemption laws of the state, and section 70a having no application to exempt property, we have only one question remaining: Is the policy in question exempt under the laws of Pennsylvania? If so, that is the end of the plaintiff's case.

There are two acts in Pennsylvania relating to this subject. The Act of April 15, 1868 (P. L. 103), is as follows:

"All policies of life insurance or annuities upon the life of any person which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to the wife or children or any relative dependent upon such person, shall be vested in such wife or children or other relative, full and clear from all claims of the creditors of such person."

The Act of May 1st, 1876 (P. L. 53), provides:

"A policy of insurance issued by any company incorporated under this act, on the life of any person expressed to be for the benefit of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or the person effecting the same, or * * * with intent to defraud his creditors, an amount equal to the premium so paid with interest thereon shall inure to their benefit."

Looking at the act of 1868, is there anything in this case, is there a single fact, which should compel the court to hold that this policy was not taken out for the benefit of the wife? If it was taken out for her benefit, there is no foundation for plaintiff's claim. The best evi-

dence that it was so taken out by the decedent is the fact that she was made the sole beneficiary in the policy, and that he died without defeating or attempting to defeat his wife's interest in the policy. But it is assumed that the whole case is changed by the reservation of the right of the assured to change the beneficiary. This clause has the legal effect of changing the interest of the beneficiary from a vested to an inchoate or expectant interest. But I cannot see why, from that fact, the court should find the policy was not taken out for the benefit of the wife. An insurer knows that time may bring a very material change in conditions. The marital relation itself is unfortunately subject to many vicissitudes, such as death, divorce, or separation. In the lapse of a few years the dependent may become independent, and those now strong may demand our aid and assistance. To reserve the right to change one's mind, if circumstances demand it, is in harmony with the whole course of human action. It is only the part of wisdom to take into consideration the ever-changing conditions of men. Persons frequently revoke their wills, add codicils, and change devisees, to meet conditions as they arise; and it is only natural that a husband who takes out a life policy for the benefit of his wife should reserve to himself the power to change the beneficiary if unexpected conditions should arise which make it necessary or advisable. We should remember that exemptions in favor of the wife, children, or other dependents, are favorites of the law. The Supreme Court, in Holden v. Stratton, quotes approvingly from the opinion of Circuit Judge Caldwell, as follows:

"From the organization of the federal courts under the Judiciary Act of 1789, the law has been that creditors suing in these courts could not subject to execution property of their debtor exempt to him by the law of the state." (Citing Lamaster v. Keeler, 123 U. S. 376, 8 Sup. Ct. 197, 31 L. Ed. 238, and other cases.) "The same rule has obtained under the bankrupt acts, which have sometimes increased the exemption, notably so under the act of 1867, * * * but have never lessened or diminished them. An intention on the part of Congress to violate or abolish this wise and uniform rule observed from the creation of our federal system should be made to appear by clear and unmistakable language. It will not be presumed from a doubtful or ambiguous provision fairly susceptible of any other construction."

In support of the proposition that the right to change the beneficiary passes the property in the policy to the trustee, counsel have cited numerous cases. In Re Herr (D. C.) 182 Fed. 716, the policy was payable to the bankrupt, and only contingently to the wife. In Re Dolan (D. C.) 182 Fed. 949, the policy was a 20-year endowment, payable to the insured, or, in the event of her death during the endowment period, to her executors, administrators, or assigns. It was held by the District Court that the policy was property which could have been transferred prior to the filing of a petition under section 70a, and therefore passed to the trustee. The Pennsylvania exemption acts do not appear to have been involved in the decision and were not referred to. In Re Jamison Bros. Co. (D. C.) 222 Fed. 92, Judge Dickinson, while laying down certain principles for the guidance of the referee, did not undertake to pass upon the effect of the Pennsylvania statutes of exemptions on the case before him.

The Supreme Court of Pennsylvania has recognized and enforced the act of 1868 in numerous cases, where there was a conflict between the beneficiary and creditors of the insured. Anderson's Estate, 85 Pa. 202; McCutcheon's Appeal, 99 Pa. 133; Schad's Appeal, 88 Pa. 111; and Sebring v. Brickley, 7 Pa. Super. Ct. 198.

As this was a life policy, payable under its terms only in the event of death, there was no property in the insured which could have been levied upon or sold under judicial process. The insured could not have willed the proceeds to another, as at the instant of his death it would have passed to the beneficiary. Vollman's Appeal, 92 Pa. 50.

The plaintiff, in view of Holden v. Stratton, must base his right to recover on the assumption that the policy is not exempt; in other words, that it was not taken out for the benefit of the wife. And then, proceeding on that assumption, he claims under the proviso to section 70a that the trustee was first entitled to the cash surrender value, and afterwards, by reason of the failure of the assured to pay or secure this amount, to the whole amount of the policy.

Turning to the proviso, we find:

"That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

I fail to find in the policy any provision for a cash surrender value payable to the insured, his estate, or personal representatives; but, if the policy can be so construed, how can the policy itself, which is payable to the wife, ever become assets of her husband's estate, and pass to his trustee, unless the beneficiary is changed, and no one has power to change the beneficiary except the insured himself. Under the decisions in Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154, and Andrews v. Partridge, 228 U. S. 479, 33 Sup. Ct. 570, 57 L. Ed. 929, respectively, the interest of the estate could not possibly extend beyond the surrender value of the policy. But, as I view the policy, it was taken out for the benefit of the wife, is therefore exempt under the Pennsylvania statute, was an inchoate or expectant interest, which existed during the life of the insured, and ripened at his death into an absolute vested interest, entitling her to the whole of the policy. The conclusion herein reached is in harmony with the opinion of the Circuit Court of Appeals of the Second Circuit, in Burlingham v. Crouse, 181 Fed. 479, 104 C. C. A. 227, and In re Hammel & Company, 221 Fed. 56, 137 C. C. A. 80. Also, In re Booss (D. C.) 154 Fed. 494.

Judgment is therefore entered in favor of the defendant.