### In re GANNON.

(District Court, S. D. New York. April 19, 1917.)

BANKRUPTCY ⟨⟩143(12)—PROPERTY VESTING IN TRUSTEE—INSURANCE POLICIES.

Under Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (Comp. St. 1916, § 9654), providing that insurance policies having a cash surrender value payable to the bankrupt, his estate, or personal representatives, shall pass to the trustee unless such value is paid or secured to the trustee as therein provided, a special industrial policy in favor of a bankrupt's executors, administrators, or assigns, but issued subject to certain restrictions, one of which was that the company might pay to any relative by blood or marriage or other person appearing to it to be equitably entitled thereto, did not vest in the trustee, as it was payable to the executors and administrators only at the discretion of the company.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201.]

In the matter of John J. Gannon, bankrupt. On petition to review an order of the referee to compel the surrender by the bankrupt of a life insurance policy, or in the alternative to pay the alleged cash surrender value to the trustee. Reversed.

William R. Hill, of New York City, for the petition.
Theodore H. Friend, Jr., of New York City, opposed.

MAYER, District Judge. The bankrupt held a policy of life insurance in the Prudential Insurance Company of America called a "special industrial policy."

The company, by the terms of the policy, "promises to pay * * * unto the executors, administrators or assigns" of the insured the sum of $500, but the policy "is issued and accepted subject to the following restrictions, conditions and agreements. * * *"

"Second. The company may pay the sum of money insured hereby, to any relative by blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

From the foregoing it will be seen that this policy belongs to that class of insurance known as industrial life insurance and is devised for the protection of persons of small means. Paragraph 2 discloses a wise and beneficent safeguard whereby the insured may be assured a decent burial and, because of the words "or any other purpose" whereby the company retains large discretion to reimburse relatives or others for proper expenses, such presumably (to illustrate) as might be incurred for doctor's or hospital bills. It is consonant with public policy that the true intent of so safeguarded a contract of life insurance should be carried out.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The policy is thus not payable absolutely to the executors or administrators of the insured, but, in the event that expenses have been incurred on behalf of the insured, the policy is payable to the executors and administrators only at the discretion of the company.

The case therefore does not fall under the provisions of section 70 of the Bankruptcy Act, because, owing to its peculiar terms, the policy is not payable to the bankrupt, "his estate or personal representatives," in the sense of the statute, any more than were the policies in Re Hammel, 221 Fed. 56, 137 C. C. A. 80, or in Re Arkin, 231 Fed. 947, 146 C. C. A. 143, or Milkman v. Arthe et al., 223 Fed. 507, 139 C. C. A. 55.

The purpose of section 70 so far as applicable to life insurance policies is thus stated in Holden v. Stratton, 198 U. S. at page 213, 25 Sup. Ct. at page 659, 49 L. Ed. 1018 (reiterated in Hiscock v. Mertens, 205 U. S. at page 210, 27 Sup. Ct. at page 491, 51 L. Ed. 771), as follows:

"As section 70a deals only with property which, not being exempt, passes to the trustee, the mission of the proviso was, in the interest of the perpetuation of policies of life insurance, to provide a rule by which, where such policies passed to the trustee because they were not exempt, if they had a surrender value their future operation could be preserved by vesting the bankrupt with the privilege of paying such surrender value, whereby the policy would be withdrawn out of the category of an asset of the estate. That is to say, the purpose of the proviso was to confer a benefit upon the insured bankrupt by limiting the character of the interest in a nonexempt life insurance policy which should pass to the trustee, and not to cause such a policy when exempt to become an asset of the estate."

Having in mind the attitude of the courts as shown in the Supreme Court and Circuit Court of Appeals cases cited supra (and others referred to in these opinions), it must be concluded that title to this policy did not vest in the trustee.

In view of the foregoing, it is unnecessary to determine whether the evidence shows that the company by its practice or a clear concession to that effect will pay the surrender value of the policy so as to bring the case within Hiscock v. Mertens, supra, in that regard. The testimony is by no means satisfactory but, under the circumstances, this phase need not be gone into.

The order of the referee is reversed.

NOTE.—The doubt as to the evidence on surrender value is particularly emphasized by the following question and answer on page 6 of Stenographer's Minutes:

"Q. As I take it, on that consideration you may desire to purchase, or you may now? ['Now' is undoubtedly a clerical error for 'not.']

"A. Yes; because, when we received those letters, we did not know all the circumstances; we did not know the circumstances, for instance, of this bankrupt."

Settle order on two days' notice.