## Cibotti's Estate

*James E. Riely, Alexander R. Staples* and *Malcolm Lloyd, Jr.,* for exceptant.

*Walter Lee Sheppard,* contra.

Van Dusen, P. J., February 4, 1938.—Testatrix left a will and eight codicils. Each codicil is carefully drawn and unambiguous, but there are numerous mistakes in referring to the date and consecutive number of prior instruments. None of these is important, however, and the ultimate result can be arrived at without controversy, except as to one item.

In the will, testatrix gave certain legacies, and then gave the residue of her estate in trust for her two sisters for life. After their deaths, she gave a number of money legacies, and then disposed of the ultimate residue.

By the fifth codicil the testatrix gave $5000 to the First Italian Presbyterian Church of Philadelphia to be used as its Session deems best for the propagation of the Gospel among the Italians of Philadelphia, Pa. This is a money legacy to be paid before the residue is ascertained. By the sixth codicil, among other legacies to be paid out of the principal of the trust of the residue after the death of the life tenant, she gave $5000 to the First Italian Presbyterian Church of Philadelphia to be known as the "Virginia Paris Spear Cibotti Fund", the income to be used for yearly expenses. The ultimate residuary legatee claims that this latter legacy is a substitution for the first legacy to the same legatee, and is not cumulative. The auditing judge held that it was cumulative, and therefore awarded the first legacy at this time.

The presumption is that legacies to the same legatee even of the same amount are cumulative when they appear in separate instruments: Sponsler's Appeal, 107 Pa. 95; Manifold's Appeal, 126 Pa. 508; Harrison's Estate, 196 Pa. 576; Ashmead's Estate, 29 Dist. R. 128; Swain's Estate, 29 Dist. R. 361. This presumption is strengthened in the present case by the fact that the legacies are for different purposes, and therefore in that sense to different legatees, and further that they are payable at different times. If there is anything to overcome this presumption it must be found in the sixth codicil.

The sixth codicil revises the whole plan of distribution of the residue. The legatees of the residue are to be found in that codicil and in the will and the second codicil to which it expressly refers. But the sixth codicil does not alter the legacies which are prior to the residue, with the exception of certain specific legacies of family portraits, household goods, etc. There is no revision of the whole scheme of the will. Money legacies in the will and in the

second and third codicils still stand, and have been awarded without question. There is no reason why the money legacy in the fifth codicil should not also stand, except the fact that the same legatee (in one sense) is also mentioned in the sixth codicil. We thus come back to the simple case, a legatee mentioned in two instruments, and the presumption applies that there are two legacies.

The exceptions are dismissed and the adjudication is confirmed absolutely.