In re WHITE.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 19.

1. BANKRUPTCY (§ 143*)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

A policy of insurance on the life of a bankrupt, payable to his wife if she survives him, but, if not, to his estate or designated beneficiary, and which he has the right to surrender at any time for paid-up insurance "or other value," is not the property of the wife, but of the bankrupt, during his lifetime, and passes to his trustee, where the company is willing to pay a cash surrender value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

Domestic Relations Law N. Y. (Consol. Laws, N. Y. c. 14) § 52, which authorizes a wife to cause the life of her husband to be insured for her benefit, applies only to policies which are her own absolute property, payable to her estate, and which she may dispose of by will, and in any event cannot be invoked to prevent a policy on the life of a bankrupt, which does not contain such provisions, from passing to his trustee, where the wife is not a party to the proceedings, nor asserting any claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. § 143.*]

Coxe, Circuit Judge, dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Review Order of the District Court of the United States. for the Southern District of New York, in Bankruptcy.

In the matter of Frederick R. White, bankrupt. Petition by Alfred. Yankauer, trustee, to review order of District Court. Order reversed.

Yankauer & Davidson (M. P. Davidson and Bernard Naumburg, of counsel), for petitioner.

L. E. Warren (J. M. Grossman, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to review an order of the District Court denying the application of the trustee for authority to surrender an ordinary policy of insurance on the bankrupt's life and collect the surrender value thereof. The policy is dated January 8, 1889, in the Penn Mutual Life Insurance Company of Philadelphia, described as a trust certificate, whereby the company agrees to pay $5,000 to the wife of the insured, if she survive him, in ten annual payments of $500 each. If she predecease him, the policy is payable to his estate, or to any beneficiary named by him. If, after payment of two annual payments, the policy lapses for nonpayment of premiums, the company will, on the decease of the insured, issue a policy of paid-up insurance for a certain amount to the beneficiary. It is provided, however, that the insured himself may at any* time surrender the policy for "paid-up insurance or other value."

The District Judge was of opinion that the wife of the bankrupt was the legal owner of the policy; that it was her property, and, if the insured had the option of terminating her ownership, he had not exercised it. But we think the policy is the property of the husband, that the contract is made with him, and that the wife's interest depends on the contingency of her surviving him. If the property in the policy were absolutely the wife's, the insurance would be payable upon her death to her estate. Certainly the bankrupt has an interest in the policy. If he survive his wife, the insurance will be payable, not to her estate, but to him, or to his estate, or to a beneficiary designated by him. This is a vested future interest. Besides this, though not obliged by the contract to do so, the company is willing, apparently, under the option given the insured to surrender the policy for paid-up insurance or other value, to pay the sum of $1,804.23 upon its surrender. The situation is exactly the same as if the policy contained a stipulation for a cash surrender value. Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771, affirming this court in Re Mertens, 142 Fed. 445, 73 C. C. A. 561. These are clearly interests of the bankrupt which go to the trustee under section 70a (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), subject, of course, to the privilege therein reserved to the bankrupt to keep the policy free from the claims of his creditors participating in the distribution of his estate by paying its value, $1,804.23, to the trustees. In re Coleman, 136 Fed. 818, 69 C. C. A. 496.

But it is contended that, irrespective of the foregoing considerations, the policy is exempt under section 6 of the bankruptcy act by virtue of section 52 of the domestic relations law of the state of New

York (Consol. Laws N. Y. c. 14), where the bankrupt resided for six months before the adjudication. It reads as follows:

"A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts. The policy may provide that the insurance, if the married woman dies before it becomes due and without disposing of it, shall be paid to her husband or to his, her or their children, or to or for the use of one or more of those persons; and it may designate one or more trustees for a child or children to receive and manage such money until such child or children attain full age. The married woman may dispose of such policy by will or written acknowledged assignment to take effect on her death, if she dies thereafter leaving no descendants surviving. After the will or the assignment takes effect, the legatee or assignee takes such policy absolutely. A policy of insurance on the life of any person for the benefit of a married woman is also assignable and may be surrendered to the company issuing the same, by her, or her legal representative, with the written consent of the assured."

It is quite plain that the policies referred to are such as are the absolute property of a married woman or her children; that is, which are payable to her, or her children, or her estate. They may be taken out by the husband, and the premiums up to $500 per annum paid by him. Still the policy must be one which the married woman may dispose of by will, or may, with the written consent of her husband, assign or surrender to the company. This requirement of the husband's assent is not because he is the owner of the policy, but is to protect widows and orphans in respect to such insurance. The general legislation enlarging the powers of married women does not affect the special legislation restricting their powers as to insurance policies. Brick v. Campbell, 122 N. Y. 337, 25 N. E. 493, 10 L. R. A. 259. It is not necessary for us to consider what, if any, rights the wife has in this policy, because she is not a party to these proceedings, and our order will not prevent her from asserting her claim in any way she may be advised. Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787.

The order of the District Court is reversed.

COXE, Circuit Judge, dissents.