## In re HETTLING.

(Circuit Court of Appeals, Second Circuit. November 9. 1909.)

### No. 74.

BANKRUPTCY (§ 143*)—PROPERTY VESTING IN TRUSTEE—LIFE INSURANCE POLICY.

A policy of insurance on the life of a bankrupt, payable to his wife if she survives him, otherwise to his estate or any designated beneficiary, and which, while having no cash surrender value, gives him the right to change the beneficiary at any time and the privilege of several options if

---

he lives beyond a stated term, among which are to receive its then value in cash or paid-up insurance, is property of the bankrupt which passes to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of Clamor H. F. Hettling, bankrupt. Petition by James F. McNaboe, trustee, to revise an order of the District Court. Reversed.

Charles J. Breck and James F. McNaboe, for petitioner.

W. H. Good, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of the District Court denying the application of the trustee for authority to sell the interest of the bankrupt's estate in a tontine or endowment policy of insurance in the New York Life Insurance Company on his life, and to compel him to execute an assignment of the said interest. The policy is dated December 14, 1898, for $1,000, payable to the bankrupt's wife if she survive him, otherwise to his estate, or to such other beneficiary as he may designate, in consideration of the payment of an annual premium of $29.20 in advance for 20 years. It provides that, after having been in force 3 years, if any subsequent premium is not paid, the company will, if it is surrendered within 6 months thereafter, issue in its place a policy of paid-up insurance for $500, or if not surrendered the insurance will be extended for $1,000 payable if the insured die within the term of 17 years and 4 months.

The policy has no cash surrender value, but the insured is given the power to change the beneficiary at any time. If he survive his wife the policy is payable, not to her, but to his estate; and, if he live beyond the term of 20 years, he is given several options, some of which are: To receive any accumulated dividends in cash or the entire cash value of the property, or to receive the entire cash value converted into an annual income for life. These are property rights, as pointed out in our decision in Re White (handed down herewith) 174 Fed. 333, that pass to the trustee under section 70a(5) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). We think the court should have granted the trustee's application to sell the bankrupt's interest in the policy. Whether a purchaser having no interest in the bankrupt's life would take anything affects, not the nature, but only the value, of the property.

The order of the District Court is reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes