In re HERR. (No. 2.)

(District Court, M. D. Pennsylvania. November 19, 1910.)

No. 1,552, in Bankruptcy.

1. BANKRUPTCY (§ 143*)—ASSETS—INSURANCE POLICY—WIFE AS CONTINGENT BENEFICIARY—CHANGE OF BENEFICIARY—RIGHT OF TRUSTEE TO SURRENDER VALUE.

A bankrupt had an endowment policy on his own life payable to him if he should survive the endowment period, otherwise to his daughter should she survive him, otherwise to his executors, administrators, or assigns, or such other beneficiaries as he might designate, provided that if the policy had not been assigned there might be a new designation by the bankrupt at any time, and from time to time during the continuance of the policy on filing with the company a written request to that effect, duly acknowledged and accompanied by the policy, to take effect on being indorsed thereon. The bankrupt had twice changed his beneficiary; once so as to make the policy payable to his executors, administrators, and assigns, eliminating his daughter, and again by making it payable to himself and in the event of his prior death, to his widow, and if she should not survive him to his executors, administrators, and assigns; and so the policy stood at the date of bankruptcy. Held, that the wife's interest in the policy was negligible, and that the surrender value of the policy constituted assets belonging to the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—ASSETS—INSURANCE POLICY.

It is not necessary, that an insurance policy on the life of a bankrupt shall be assets for the benefit of creditors, that an actual cash surrender value shall be stipulated for in the policy; it being sufficient if it is conceded by the practice of the insurance company.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

3. BANKRUPTCY (§ 143*)—ASSETS—INSURANCE POLICY PAYABLE CONTINGENTLY TO WIFE—STATE LAW.

Where a bankrupt had a life insurance policy payable to his wife if she survived him, and authorizing a change of beneficiary at any time at the bankrupt's election, the policy was not saved to the wife as against the bankrupt's trustee by Act Pa. April 15, 1868 (P. L. 103), and Act May 1, 1876 (P. L. 60) § 25, providing that policies of life insurance secured by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a husband for the benefit of his wife and children shall confer on them a vested interest free from the husband's creditors, etc.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

In the matter of Hyman J. Herr, bankrupt. Rule on the bankrupt to show cause why he should not pay or secure to his trustee the cash surrender value of a certain insurance policy. Rule absolute. Bankrupt required to pay to the trustee the cash surrender value of the policy, at the time of the adjudication, amounting to $350, or otherwise the policy shall pass as assets to the trustee.

See, also, 182 Fed. 715.

M. C. Rhone and A. R. Jackson, for the rule.

W. E. Crawford and C. L. Peaslee, for the bankrupt.

ARCHBALD, District Judge. On September 1, 1901, the bankrupt took out a policy of insurance in the Pacific Mutual Life Insurance Company on his own life, which was in force when he went into bankruptcy, December 23, 1909, and has been kept up, to the present time, by the payment of the last annual premium. The policy was on what is known as the 15-year endowment plan, and by it the company promised to pay $1,000 to the bankrupt on September 1, 1916; or, if he should die previous to that date, to pay the same amount to Mildred Herr, his daughter, should she survive him; or, if not, to the executors, administrators, and assigns of the bankrupt, or to such other beneficiary as he might designate, as provided in the policy. As to changing the beneficiary, it was agreed that, provided the policy had not been assigned, there might be a new designation by the bankrupt at any time, and from time to time, during the continuance of the policy, on filing with the company a written request to that effect, duly acknowledged, accompanied by the policy; such change to take effect upon the indorsement of the same by the company on the policy. According to the schedule attached to the policy, it had a cash surrender value, at the time of the adjudication, of $350; and, in view of this, a rule has been taken on the bankrupt, in pursuance of the statute, to show cause why he should not pay or secure this amount to the trustee, or otherwise, the trustee be entitled to the policy. On March 31, 1908, this policy was changed by the bankrupt so as to be payable to his executors, administrators, and assigns, eliminating his daughter. And on March 23, 1909, it was again changed and made payable to himself on September 1, 1916, as before, or, in the event of his death prior to that time to his wife, Margaret Herr, should she survive him, or otherwise to his executors, administrators, and assigns; and that is the way it stood when he went into bankruptcy.

It is clear, under this showing, that the trustee is entitled to the policy or its surrender value. While the wife, as it stands, is the contingent beneficiary, the policy is under the complete control of the bankrupt, who may change the situation at any moment, and realize upon it, without regard to her, either giving it up and getting the surrender value, or continuing it with a newly designated beneficiary, just as he may choose. This absolute dominion over the policy makes it his, and

it therefore passes with the rest of his property to his trustee, subject only to the right to redeem, as provided by the act, on paying the surrender value.

This question has been considered in numerous cases, and by the decided weight of authority the right of the trustee has been sustained. In re Diack (D. C.) 3 Am. Bankr. Rep. 723, 100 Fed. 770; In re Boardman (D. C.) 4 Am. Bankr. Rep. 620, 103 Fed. 783; In re Coleman, 14 Am. Bankr. Rep. 461, 136 Fed. 818, 69 C. C. A. 496; Matter of Phelps, 15 Am. Bankr. Rep. 170; Clark v. Insurance Company (C. C.) 16 Am. Bankr. Rep. 137, 143 Fed. 175; In re Wolff (D. C.) 21 Am. Bankr. Rep. 452, 165 Fed. 984; In re White, 23 Am. Bankr. Rep. 90, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451; In re Moore (D. C.) 23 Am. Bankr. Rep. 109, 173 Fed. 679; Matter of Hettling, 23 Am. Bankr. Rep. 161, 175 Fed. 65, 99 C. C. A. 87; In re Orear (C. C. A.) 24 Am. Bankr. Rep. 343, 178 Fed. 632. It is not necessary that an actual cash surrender value should be stipulated for in the policy; it is enough if it is conceded by the practice of the company. Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771. It is true that in some instances, where the wife is a beneficiary, the policy has been held to be exempt, being protected, as it is said, against the claims of creditors, by the law of the states where the cases respectively arose. In re Booss (D. C.) 18 Am. Bankr. Rep. 658, 154 Fed. 494; In re Pfaffinger (D. C.) 21 Am. Bankr. Rep. 255, 164 Fed. 526. In re Whelpley (D. C.) 22 Am. Bankr. Rep. 433, 169 Fed. 1019; In re Johnson (D. C.) 24 Am. Bankr. Rep. 277, 176 Fed. 591; Holden v. Stratton (Wash.) 198 U. S. 202; 25 Sup. Ct. 656, 49 L. Ed. 1018. But that is not the prevailing view, at least where, as here, the bankrupt is authorized to change the beneficiary at will. In re White, 23 Am. Bankr. Rep. 90, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451. And the policy is not saved to the wife therefore, in my judgment, under the laws of Pennsylvania (Act April 15, 1868 [P. L. 103]; Act May 1, 1876 [P. L. 60] § 25), in the case in hand. In the Booss Case, supra, decided by Judge Holland, the right to change the beneficiary apparently was not given.

It is true that, if the bankrupt died to-day, the money due on the policy would belong to his wife. But it is also true that at once, upon the discharge of the present rule, the bankrupt could eliminate her, by the designation of a new beneficiary, and get the surrender value of the policy, which the trustee therefore, by the terms of the statute, is entitled to claim. It is the uncertainty of her interest that makes it of no concern. It is only to policies where she has something dependable that the exemption applies. Because of the bankrupt's absolute command over it, the surrender value is to be regarded as payable to him, within the meaning of the law.

The rule is made absolute, and the bankrupt is required to pay to the trustee the cash surrender value of the policy at the time of the adjudication, amounting to $350, or otherwise the policy shall pass as assets to the trustee.