WEFEL v. D. C. BACON CO. (Circuit Court of Appeals, Fifth Circuit. March 7, 1911.) No. 2,120. In Error to the Circuit Court of the United States for the Southern District of Mississippi. Wm. C. Fitts, for plaintiff in error. J. I. Ford, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Under the exceptions taken, no one of the five counts in the amended declaration was sufficient to require the defendant to answer. The third count comes nearest to being sufficient, but that is defective, in that the averment that the purchaser found by the plaintiff "who was ready, able, and willing to buy said property" was qualified by the statement, "if the same was as defendant represented it to be," and, further, in not averring that the procured purchaser was tendered to the defendant before the sale was made to another party. The judgment of the Circuit Court is affirmed.

---

In re WHITE. (Circuit Court of Appeals, Second Circuit. December 12, 1910.) No. 75. Petition to Review Order of the District Court of the United States for the Southern District of New York. M. P. Davidson, for respondent. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We have already decided this controversy in opinion handed down a year ago. In re White, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451. We then held that the clause in the policy which provides that it is understood and agreed that "the insured himself shall have the option of surrendering this trust certificate for paid-up insurance or other value at any time" gave the bankrupt at the time of bankruptcy the right to turn the policy into cash to be paid to himself, and that this right passed to the trustee. We did not make any adjudication against the wife, because she was not a party to the proceedings. Since our former decision the bankrupt has joined with the trustee in executing a surrender of the policy to the company. The question presented on the former appeal, and here also, is whether under the policy the husband had the right to surrender and demand the proper cash equivalent from the company, without the wife's consent and against her protest. That question called for the construction of a written instrument, and there was no evidence then, nor is there any now, indicating that a proper construction of the instrument cannot be arrived at from a consideration of its expressed terms. We have construed the instrument, and find in this record nothing to call for any modification of that construction. The order is affirmed, with costs.