## In re SAMUELS.

### Petition of COHEN.

**(Circuit Court of Appeals, Second Circuit.   November 13, 1918.)**
**No. 1.**

1. BANKRUPTCY ☞143(12)—LIFE POLICIES—"SURRENDER VALUE."

   Life policies, which allowed the insured bankrupt to change the beneficiary at his option, and which severally provided that on default the insured, on surrender of the policy, might receive its cash value, or that, in event the policy should lapse on nonpayment of premiums, the insured might at his option obtain paid-up insurance or the cash value, have a "surrender value," within Bankruptcy Act, § 70 (Comp. St. § 9654), although at the time of the bankruptcy premiums were fully paid to date, so that there was no default.

   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Surrender Value.]

2. BANKRUPTCY ☞143(12)—LIFE POLICIES—RIGHT OF BENEFICIARY.

   The wife of a bankrupt, who was named beneficiary in policies on his life, cannot claim the same as an exemption recognized by Bankruptcy Act, § 6 (Comp. St. § 9590), for, as the beneficiary could be changed by the bankrupt in invitum, she was not the owner of the policy, within Domestic Relations Law N. Y. § 52, declaring the same exempt.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Jacob W. Samuels, bankrupt.   Petition by Samuel C. Cohen, as trustee, to revise an order denying the application of the trustee for an order requiring the bankrupt either to pay him the value of certain life policies or to turn over the policies.   Order reversed, and matter remanded.

On the day when Samuels' petition in bankruptcy was filed he was the insured under five life policies, in three insurance companies.   By all the contracts he had absolute right to name the beneficiary and change such designation as often as he chose, without the co-operation or consent of any beneficiary or any one else.

One of the policies provided for a surrender value by that name; two of them contained the clause that "in case of default" the insured may "surrender the policy, and with the written assent of the person to whom it is made payable receive in cash its value at the time of default"; and the two remaining policies provided that "this policy shall lapse * * * on the nonpayment of any premium * * * except that" the assured can at his option obtain therefor either paid-up insurance or "the cash value" of the policy.

At date of bankruptcy Samuels' wife or daughter was the beneficiary named in every policy, and all premiums had been paid by the bankrupt, so that no policy could "lapse for nonpayment of premium" or be "in default" until varying lengths of time after adjudication.   Every policy, however, conferred the right on the insured at any time to borrow on the policy as collateral up to the "loan value" thereof, and value for loan or for surrender or "cash value" all meant the same thing—i. e., the present worth of the contract on actuarial principles accepted by the insurer.

The trustee applied for an order requiring the bankrupt either to pay him said value or turn over the policies.   The referee found in substance the foregoing facts, and denied the application.   His order was affirmed by the District Judge, whereupon the trustee brought this proceeding.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lawrence B. Cohen, of New York City (Adolph Boskowitz and Jacob Shientag, both of New York City, on the brief), for petitioner.

Samuel Sturtz, of New York City, for bankrupt.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] This record raises nearly the same questions as were disposed of in the case of this bankrupt's brother (In re Samuels, 237 Fed. 796, 151 C. C. A. 38, reversed in Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143), and in so far as "surrender value" is shown in any of the policies in question, the ruling of the Supreme Court suffices.

While admitting that under Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771, that phrase, as used in section 70 of the Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 565 (Comp. St. § 9654), has a very wide signification, this respondent still contends that not all these policies had any surrender value at date of adjudication, because they were not then "in default" and had not "lapsed" for nonpayment of premiums.

The point is without substance for several reasons: (1) It was in effect urged in the Hiscock Case, supra, and disposed of with the remark that "this is tantamount to saying that no policy can ever have a surrender value"—meaning no live active policy; (2) it appears by the proof here that if the insured wished either to sell his policy to the insurer or borrow upon it he could always do so at any time, and get the value at the last premium date; and (3) the test of "surrender value" under the act is whether the policy has a present cash value available to the insured bankrupt in accordance with fixed method, and by the exercise of his own unassisted will. In re Gannon, 247 Fed. 932, 160 C. C. A. 122.

This is, we believe, the result of the most recent ruling decisions, and in so far, as Re Hammel, 221 Fed. 66, 137 C. C. A. 80, conflicts therewith, it must be regarded as overruled.

[2] Respondent further urges that policies inuring to the bankrupt's wife at date of adjudication are exempt under section 6 of the act (Comp. St. § 9590), recognizing the state exemption contained in section 52 of the Domestic Relations Law of New York (Consol. Laws, c. 14).

The claim would have been good, had the wife been the owner of the policies; but she was not. No beneficiary removable by the insured in invitum could be. The matter is one of state law, and we followed rulings of the state courts in so interpreting the New York statute in Re White, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451. The more recent case of Grems v. Traver, 87 Misc. Rep. 644, 148 N. Y. Supp. 200, affirmed 164 App. Div. 968, 149 N. Y. Supp. 1085, is not in conflict. There as between husband and wife the latter was proved the absolute owner.

The trustee in bankruptcy is entitled to whatever cash value the policies in question had on the day of adjudication. Therefore the order under review is reversed, with costs, and the matter remanded for further proceedings not inconsistent with this opinion.