## In re ELLIS.

(District Court, W. D. New York. July 29, 1924.)

No. 9940.

1. **Bankruptcy ⬅224, 288(1) — Referee had right to determine whether asserted rights of bankrupt's wife were exempt from claims of creditors; summary determination held proper.**

On petition by bankrupt's wife, claiming life insurance policies issued to bankrupt, referee had right to determine whether asserted rights were exempt from claims of creditors under state law, and, in absence of controlling decision by state courts, had right to summarily determine all disputes relating to title to policies arising out of Domestic Relations Law N. Y. § 52, when in custody·of one who had no title as against trustee.

2. **Bankruptcy ⬅143(12)—Where assured retained right to change beneficiary, policy becomes part of assured's bankrupt estate.**

Where, by provisions of life policy, assured retains absolute right to change beneficiary and to surrender policies, with right to collect surrender value, and paid all premiums, the policy becomes a part of bankrupt estate of assured, and by operation of law passes to trustee under Bankruptcy Act, § 70, subd. a (3) (Comp. St. § 9654, subd. a [3]), despite Domestic Relations Law N. Y. § 52.

3. **Bankruptcy ⬅288(1)—Wife held not real adverse claimant to life policies.**

Wife of bankrupt, claiming insurance policies issued to bankrupt, *held* not real adverse claimant, and right to so determine by summary inquiry proper.

4. **Bankruptcy ⬅288(1)—If claim of wife to insurance policies rests on mere pretense, bankruptcy court has summary jurisdiction.**

If claim of wife of bankrupt to life policies issued to him rests on mere pretense of fact or of law, it is colorable, and bankruptcy court has summary jurisdiction, without requiring plenary suit in state court.

In Bankruptcy. In the matter of the estate of Willis C. Ellis, bankrupt. On review of decision of referee. Decision affirmed.

Anson L. Gardner, of Canandaigua, N. Y., for bankrupt.

Arthur H. Smith, of Shortsville, N. Y., for trustee.

Walter H. Knapp, of Canandaigua, N. Y., for Martha C. Ellis.

HAZEL, District Judge. The wife of the bankrupt, Willis C. Ellis, claims to be in rightful possession of a certain Equitable Life Assurance policy issued to her husband February 18, 1911; that her claim thereto is adverse to the trustee, and not colorable; that under section 52 of the Domestic Rela-

tions Law of the state of New York (Consol. Laws, c. 14) the said policy is exempt, and no part thereof remains to the bankrupt under the provisions of section 70a of the Bankruptcy Act (Comp. St. § 9654).

The referee, in his opinion, has ably and exhaustively examined the law bearing upon the various questions submitted, relating to two policies of insurance, one issued by the Equitable and the other by the Massachusetts Mutual companies, and reached the conclusion that the petitioner has no vested interest in the policies, but merely a contingent interest therein during the life of her husband who, by their terms and provisions, has rights reserved to him; that she is not an adverse claimant, and that the cash-surrender value of the policies is an asset belonging to the estate of the bankrupt. His review of the pertinent adjudications in the state courts and in the federal courts is so complete that, in view of the fact that I agree with him in his construction of the law and conclusions reached, another extended opinion or review of authorities is unnecessary.

[1] The referee had the right to determine whether the asserted rights of petitioner were exempt from the claims of the creditors of the husband under the state law (Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018; Cohen, Trustee, etc., v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143; Collier [13th Ed.] 282), and that the bankruptcy court had power and jurisdiction to determine petitioner's alleged adverse claim and right of possession of the Equitable policy; and in the absence of a controlling decision by the courts of the state construing the Domestic Relations Law, he had the right to summarily determine all disputes relating to the title to the policies arising out of section 52, or which belonged to the bankrupt, and was in the custody of one who has no title as against the trustee. Collier (13th Ed.) p. 282; In re Bacon, 210 Fed. 129–134, 126 C. C. A. 643.

[2] The record shows that the Equitable Life Assurance Society policy was produced before the referee by the bankrupt at a hearing, and though not delivered to the trustee it was afterwards, on April 3, 1924, in the possession of the petitioner. The Massachusetts Mutual Life Insurance Company policy has never been in·her possession, but is in the possession of the insurance company, held by it as collateral security on a loan to the bankrupt, and moreover, that both of such policies have an unpaid cash surrender value. They were not such policies as are included within the purview of the Domestic

Relations Law of this state, and were not exempt to the assured or to his wife. By their provisions, the assured retained the absolute right to change the beneficiary and to surrender them with the right to collect the surrender value. Such a policy becomes a part of the bankrupt estate and, by operation of law, passes to the trustee under section 70, subd. a (3), of the Bankruptcy Act. In re Jacob Samuels (Second Circuit) 254 Fed. 775, 166 C. C. A. 221, 42 Am. Bankr. R. 434; Frederick as Trustee v. Fidelity Ins. Co., 256 U. S. 395, 41 Sup. Ct. 503, 65 L. Ed. 1009, 46 Am. Bankr. R. 586; Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143.

[3] I also conclude on the record that the petitioner was not a real adverse claimant, and the right to so determine by summary inquiry was proper. See Judge Roger's opinion in Re Bacon, supra; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Kane (D. C.) 131 Fed. 385.

[4] Petitioner puts forth the single claim that her rights should be determined in the courts of the state, and that her action in that court against the trustee in bankruptcy and the insurance company, brought since the referee has decided against her, should not be enjoined; but the particular question is one of law. If her claim rests on mere pretense of fact or of law, as seems to me to be the case, it is colorable, and the bankruptcy court has summary jurisdiction without requiring a plenary suit. In re Fuller (C. C. A.) 294 Fed. 71. Of course, the petitioner should be heard in defense of her position; she should have her day in court, regardless of the basis of her claim, whether it is well founded or not. She has had a hearing, and the proofs are that the assured had the right to change the beneficiary named in the policies, that all premiums were paid by him, and that at the time of the hearing the Equitable policy was received in evidence, and had not then been delivered to his wife, the beneficiary. In the circumstances I think the referee was right in determining that the wife had no vested interest in either policy; that no exemption under state law exists; that both policies, at the time of the adjudication, were the property of the bankrupt and passed to the trustee under section 70 of the Bankruptcy Act.

I have examined Marschall v. Crawford (C. C. A.) 296 Fed. 685, 2 Am. Bankr. R. (N. S.) 638, to which petitioner attaches importance. In that case, 160 acres of land had been set aside as exempt; but certain creditors objected to the exemption, and claimed the lands had been conveyed to them before the petition in bankruptcy was filed. The wife of the bankrupt, however, raised the jurisdictional point, contending that the proceeding was a plenary one, and not a proceeding in bankruptcy; but she had no interest in the land except as the homestead of her husband, and the referee proceeded with the hearing, holding that the property in good faith had previously been deeded to the objecting creditors, who were entitled to the possession thereof. This case I think supports the contention of the trustee herein.

The decision of the referee is affirmed, and the bankrupt and his wife, Martha C. Ellis, must comply with the order of the referee and deliver the Equitable policy upon the life of the bankrupt, and the Mutual policy, and writings pertaining thereto, to the trustee, to the end that he may collect their cash surrender value.

So ordered.