## In re STURDEVANT.

District Court, W. D. New York. December 26, 1928.

Floyd W. Annabel, of Bath, for bankrupt and insurance beneficiaries.

Herbert A. Heminway, of Corning, N. Y. (Leland B. Bryan, of Corning, N. Y., of counsel), for trustee.

ADLER, District Judge. This is a motion for an order to review the order of Hon. Delmar L. Darrin, referee in bankruptcy, dated June 9, 1928, denying the motion made by the bankrupt and the beneficiaries under an insurance policy, for the surrender to them of the insurance policy, and determining that the said policy is not exempt from the claim of creditors of the bankrupt. The referee further decided that the trustee in bankruptcy is vested with the cash surrender value of the policy and is entitled thereto.

The bankrupt, J. Beals Sturdevant, conducted a private banking business in the village of Avoca, Steuben county, N. Y., for about 22 years. On February 11, 1928, he filed a petition in bankruptcy. All of the property of the bankrupt, with the exception of the insurance policy, which will hereafter be described, has been converted into cash by the trustee.

On or about May 1, 1923, the Equitable Life Assurance Society issued its policy No. 3,170,920, being a 10-year endowment contract, insuring the bankrupt in the sum of $10,000. The beneficiaries named in the policy are Minne E. Sturdevant, wife of the insured, and J. Lila Sturdevant Camm, daughter of the insured, in equal shares. The policy by its terms reserves the right to the insured to change the beneficiary or beneficiaries without their consent or knowledge, and it also reserves the right to the insured to assign the policy without the consent or knowledge of the beneficiary or beneficiaries.

About December 1, 1926, Sturdevant assigned this policy to the Farmers' & Mechanics' Trust Company of Bath, N. Y., as security for a loan. Besides this policy the trust company held a mortgage and some notes as collateral for Sturdevant's indebtedness to it. After the adjudication in bankruptcy, the trustee paid the indebtedness due to the trust company and the trust company executed a release of any interest they had in the insurance policy. The cash surrender value of the policy as of February 11, 1928, the date of the adjudication in bankruptcy, is $2,794.06. The trustee now claims the policy and the surrender value thereof as an asset of the bankrupt's estate.

The determination of the questions involved depends upon the application and effect of section 55-a of the New York Insurance Law, which became effective on March 31, 1927. Consol. Laws N. Y. c. 28. Prior to the enactment of this statute, the trustee would without question be entitled to the proceeds of the policy. The questions raised by the statute as applied to the facts in this case are:

(1) The constitutionality of the statute.

(2) Does the statute create a valid exemption of the insurance policy?

(3) Does it apply to policies issued or indebtedness created prior to the enactment of the statute?

(4) Was the policy obtained or were the premiums paid thereon with the attempt to defraud creditors?

The first three questions are determined by the decision in the Matter of Morris Mes-

singer, trading as Diener & Co. (ex parte Thomas F. Riley), 29 F.(2d) 158, decided by the Circuit Court of Appeals for the Second Circuit on November 19, 1928. It holds that section 55-a of the state Insurance Law, which took effect March 31, 1927, should be construed so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927.

As to the fourth question, whether the policy was obtained or the premiums paid thereon with intent to defraud creditors, I am of the opinion that they were not. The policy was issued to the bankrupt about May 1, 1923, and more than 5 years before the bankruptcy. The testimony as to the bankrupt's financial condition and course of business was that during the 22 years he had been conducting the private banking business his capital of $50,000, and at least $30,000 of the depositors' money in addition had been lost. There is no evidence from which I can conclude that the bankrupt was insolvent when he took out the policy 5 years ago.

The order of the referee in bankruptcy, dated June 9, 1928, is set aside, and an order may be entered to the effect that the trustee in bankruptcy shall be entitled to the cash surrender value of the policy to the extent of the proved claims of creditors, if any, which existed on March 31, 1927.