**In re SOLOMONS.**

No. 52181.

District Court, S. D. New York.
Sept. 20, 1932.

Additional Opinion Oct. 13, 1932.

Milbank, Tweed, Hope & Webb, of New York City (A. Donald MacKinnon, of New York City, of counsel), for Chase National Bank.

Wilchins & Wilchins, of New York City (Saul Wilchins and Irving Lax, both of New York City, of counsel), for bankrupt.

Samuel Newfield, of New York City, for trustee Irving Trust Co.

CAFFEY, District Judge.

■ By the terms of section 55-a of the New York Insurance Law (Laws 1927, c. 468, Consol. Laws N. Y. c. 28), the right of exemption of the policies on the life of the bankrupt is vested in the beneficiary. The record is rather scanty. It does not contain the policies or recite their substance. As I understand, however, all are payable to the wife of the bankrupt, and none to "himself, his estate, or personal representatives." For that reason, the proviso in Bankruptcy Act section 70a (5), 11 USCA § 110 (a) (5), seems to me to have no bearing on the controversy now under consideration.

Despite some expressions in Re Messinger (C. C. A.) 29 F.(2d) 158, 68 A. L. R. 1205 (Cf. In re Sturdevant (D. C.) 29 F. (2d) 795, where beneficiaries were before the court), I am not satisfied that the bankrupt may set up the exemption. It seems to me that only the beneficiary is interested (Cf. Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N. Y. 189, 167 N. E. 217). She has not appeared in these proceedings. If it be true that the bankrupt has no interest, and that therefore he cannot raise the question of the validity or applicability of the exemption as against the claim of the bank, obviously it would be premature now to discuss that question. Inasmuch, however, as counsel themselves have not argued the effect of the failure to bring in the beneficiary, I shall make no final determination of the point until they have had opportunity to file briefs upon it. For that purpose time is extended to September 27.

■ Undoubtedly the referee has jurisdiction to determine whether a filed claim shall be allowed. This, I take it, is clear from sections 57d, 57f, and 57k of the Bankruptcy Act, 11 USCA § 93 (d, f, k), and General Order XXI, subd. 6 (11 USCA § 53). Nevertheless, before the referee can exercise this jurisdiction of his own motion, a condition precedent is that, within the meaning of section 57d, there shall be "cause" therefor.

■ The statute of limitations does not destroy a debt. It merely creates a bar to the remedy for its enforcement. It may be insisted on or it may be waived. Before it can constitute a bar, it must be pleaded. In re Salmon [C. C. A.] 249 F. 300; In re Weidenfeld [C. C. A.] 277 F. 59. In the absence of a party to the proceeding having advanced the statute of limitations as a defense, manifestly, as I believe, the referee is without authority, upon his own motion, to interpose it. I think, therefore, that the "cause" specified in section 57d of the statute which would warrant the referee in expunging the bank's claim, upon his own initiative, has not been shown to exist and, accordingly, that the defense of the statute of limitations cannot be deemed properly to be an obstacle to the allowance unless it be interposed by some one (other than the referee) who is competent to do so.

■ The defense was not presented by the bankruptcy trustee or by any creditor or claimant. Only the bankrupt has brought it forward. Certainly ordinarily only the trustee or some other creditor or claimant is entitled to insist on it. Cf. In re Lewensohn (C. C. A.) 121 F. 538.

■ The bank's claim was "proved," as provided by law (Cf. Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584), and neither any other claimant or creditor nor the trustee has disputed it or opposed it on any ground whatever. The sole objector is the bankrupt, and the sole ground of objection assigned by him is that the claim was barred by the statute of limitations when the bankruptcy petition was filed. Whether that reason is good depends upon whether, within section 57d, the bankrupt is a party in interest. It seems settled that he is not (In re Sully [C. C. A.] 152 F. 619; Gregg Grain Co. v. Walker Grain Co. [C. C. A.] 285 F. 156; Anchor Grain Co. v. Smith [C. C. A.] 297 F. 204), and hence that he is not entitled to have the claim disallowed.

In these circumstances I see no occasion to discuss the effect of the bankrupt setting out the claim in his schedule. It may well be, in so far as concerns the bankrupt (if he could properly set up a defense), that the coupling with his inclusion of the claim in the schedule a statement that it is barred by the statute of limitations would, in the sense of section 59 of the New York Civil Practice

Act, be sufficient to prevent the listing from, in and of itself, constituting an acknowledgment of the debt. The difficulty is that the action of the bankrupt in the case at bar is insufficient to raise the issue, because he is without right to litigate in this court whether or not the bank has an allowable claim.

■ It is plain that the beneficiary of the policies is vitally concerned in the petition of the trustee for an order directing the turning over to itself of the cash surrender value of the policies. In any event, she should be afforded opportunity, if she desires, to be heard in opposition; particularly if, after examining the additional briefs called for near the beginning of this memorandum, I should conclude that the bankrupt has no interest in or is not eligible to raise questions as to the validity and applicability of section 55-a of the Insurance Law. As these matters may be again before the court, upon the appearance of the beneficiary, I withhold comment at present upon the arguments advanced orally and by brief before me on the subject.

' Additional Opinion.

The statute of limitations, if it may be considered, is a good defense to the bank's claim. In re German-American Improvement Co. (C. C. A.) 3 F.(2d) 572, 575. As I see it, there is a single determinative question, and that question is whether, within the meaning of section 57d of the Bankruptcy Act (11 USCA § 93 (d), the bankrupt is a party in interest who has the right to interpose the defense.

■ Pursuant to my memorandum of September 20, 1932, additional briefs have been submitted. All agree that the wife of the insured is not an essential party to the present proceedings. The taking of this definite position by counsel would warrant disregard at this stage of the wife, who is named in the policies as beneficiary. Moreover, the view that, for the purposes of the instant case, she may be ignored, is sustained by the decisions of the Supreme Court of the United States and of the Circuit Court of Appeals for this circuit. Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143; Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352; In re White (C. C. A.) 174 F. 333, 26 L. R. A. (N. S.) 451; In re Samuels (C. C. A.) 254 F. 775; In re Greenberg (C. C. A.) 271 F. 258, 20 A. L. R. 253; Cf. In re Reiter (C. C. A.) 58 F.(2d) 631, 633.

■ By the decisions last cited it is also settled that reservation to the insured of the right to change the beneficiary had the effect of retaining in him beneficial ownership of the policies during his life; hence, that the policies or their surrender values constitute assets of the bankrupt's estate. It follows that, in the litigation now under consideration, the trustee must prevail as to the insurance, unless the bankrupt can establish that it is exempt to him.

■ Under sections 6 and 70 of the Bankruptcy Act (11 USCA §§ 24, 110), whether there is an exemption to the bankrupt depends upon state law. Cf. In re Reiter (C. C. A.) 58 F.(2d) 631. The matter has been discussed upon the assumption—which I think is correct—that the law which governs is that of the state of New York. It is not suggested that there is any exemption apart from statute, and plainly there is not. The only statutes relied on as establishing an exemption are section 52 of the New York Domestic Relations Law (Consol. Laws N. Y. c. 14) and section 55-a of the New York Insurance Law (Consol. Laws N. Y. c. 28). It has been squarely determined that the former relates only to the wife and that it confers no benefit on the bankrupt. In re White (C. C. A.) 174 F. 333, 26 L. R. A. (N. S.) 451. The inquiry therefore turns exclusively upon the insurance law provision mentioned.

■ The record discloses (paragraph 3 of affidavit of the attorney for the bankrupt verified April 20, 1932) that all claims against the bankrupt estate, except that of the bank, arose after the enactment on March 31, 1927, of section 55-a of the Insurance Law. The result is that, by force of the section, there is an exemption of the life insurance, which indisputably is valid, in favor of the bankrupt so far as concerns claims of creditors other than the bank. In re Messinger (C. C. A.) 29 F.(2d) 158, 160, 68 A. L. R. 1205. We are concerned now, therefore, only with the claim of the bank. Is there an exemption good as against that claim?

As pointed out in my September 20 memorandum, ordinarily the bankrupt has no interest in what claims are allowed in a bankruptcy proceeding against him and, therefore, is in no position to interpose a defense to them. Nevertheless, as I remarked in substance at the oral argument, if the bankrupt be entitled to assert an exemption to himself of the insurance policies, he is an interested party within the meaning of section 57d of the Bankruptcy Act and, in consequence, has a standing in these proceedings to defend against the bank claim on the ground that

it is barred by the statute of limitations. In so far as I have discovered any authority on the point, the proposition appears to be supported. In re Sloan (D. C.) 135 F. 873, 875; Cf. Rosenbaum v. Dutton (C. C. A.) 203 F. 838, 841.

 The indebtedness to the bank arose in 1915. No payment has been made on it since 1916. It still continues and was in existence long prior to the passage in 1927 of section 55-a of the Insurance Law. On that account, though in terms on its face and in words showing an exemption in favor of the bankrupt as against the bank's claim, in order to avoid constitutional invalidity, the statute must be interpreted as not intended to create that exemption or, as otherwise put, as not having retroactive effect. Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857; In re Messinger (C. C. A.) 29 F.(2d) 158, 161, 68 A. L. R. 1205, certiorari denied sub nom. Reilly v. Messinger, 279 U. S. 855, 49 S. Ct. 351, 73 L. Ed. 996. Cf. Matter of Czarniak's Estate, 140 Misc. 754, 251 N. Y. S. 536.

 The bankrupt says that the Court of Appeals of New York has held otherwise. He relies on Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N. Y. 189, 167 N. E. 217, and United States Mortgage & Trust Co. v. Ruggles, 258 N. Y. 32, 179 N. E. 250, 79 A. L. R. 802. Without going into those cases, even if applicable, it is enough to reply that I am bound to follow the decisions of the Supreme Court of the United States and of the Circuit Court of Appeals for the Second Circuit.

 As the bankrupt has no exemption, I see no escape from the conclusion that he is not a party in interest, within the meaning of section 57d of the Bankruptcy Act. If not a party in interest, for reasons given and on the authority of cases cited in my previous memorandum, he is not competent to interpose the bar of the statute of limitations as a defense to the bank claim. The defense not having been made by the trustee or by any other creditor, it was waived and, in the absence of some other obstacle, the claim must be allowed. The record affords no basis for any other possible objection to the claim.

The case will be remitted to the referee for further proceedings not inconsistent with my former memorandum, as supplemented and modified by this memorandum. I think that, in the light of the scantiness of the record in some respects, that course is better than for me to undertake to make a final disposition of the controversy.

In addition, the lines of demarcation in the decisions I rely on are narrow. Some were rendered by divided courts. There will probably be an appeal. If so, everything which is pertinent should be before the appellate court. It seems fairer to let the parties have opportunity to supplement the papers before the referee if there be anything they deem material which has been omitted.

Referee's order reversed. Settle order on two days' notice.