## In re LIPTON.
### No. 51317.

District Court, S. D. New York.
June 9, 1933.

I. Arnold Ross, of New York City, for Irving Trust Co.

Abraham I. Menin, of New York City, for bankrupt.

Tanner, Sillcocks & Friend, of New York City (Leonard M. Gardner, of New York City, of counsel), for John Hancock Mut. Life Ins. Co.

Root, Clark & Buckner, of New York City, for Fidelity Mut. Life Ins. Co.

Alexander & Green, of New York City, for Equitable Life Assur. Soc. of U. S.

COXE, District Judge.

The principal question in this case is whether the trustee is entitled to the surrender value of various life insurance policies on the life of the bankrupt, payable to his wife as sole beneficiary, with reserved power in the bankrupt to change the beneficiary at will.

It is conceded that section 55-a of the New York Insurance Law (Consol. Laws N. Y. c. 28) has no application, because a considerable portion of the bankrupt's indebtedness arose prior to March 31, 1927. In re Messinger (C. C. A.) 29 F.(2d) 158, 68 A. L. R. 1205. But it is insisted by the bankrupt that the policies are exempt under section 52 of the New York Domestic Relations Law (Consol. Laws N. Y. c. 14), despite the fact that there is reserved power in the bankrupt to change the beneficiary. The law in this circuit is, however, to the contrary. In re White (C. C. A.) 174 F. 333, 26 L. R. A. (N. S.) 451; In re Samuels (C. C. A.) 254 F. 775; In re Greenberg (C. C. A.) 271 F. 258, 20 A. L. R. 253; In re Messinger, supra. Nor have these cases been overruled by In re Reiter (C. C. A.) 58 F.(2d) 631, although the opinion severely criticizes In re White, supra, and In re Samuels, supra.

It is also urged by the bankrupt that the New York courts have construed section 52 so as to exempt the policy when payable to the wife, irrespective of any reserved power to change the beneficiary; and the main reliance in support of the argument is placed on Wagner v. Thieriot, 203 App. Div. 757, 197 N. Y. S. 560, affirmed without opinion, 236 N. Y. 588, 142 N. E. 295; Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N. Y. 189, 167 N. E. 217, and Maurice v. Travelers' Ins. Co., 121 Misc. 427, 201 N. Y. S. 369. In Wagner v. Thieriot, supra, the action was by a widow to recover from her deceased husband's estate the amount which the insurance companies had deducted from various life policies on account of loans made to the husband on the security of the policies; and it was held that under the New York Insurance Law these loans merely lessened the amounts payable on the policies, and that the widow could not recover from her husband's estate. It is true that, in the opinion in the Appellate Division, Mr. Justice Merrell used language regarding section 52 which is out of harmony with the decisions in this circuit, but this discussion was not necessary to the decision, and I do not think that the affirmance by the Court of Appeals, even though expressly stated to be on the opinion of the lower court, is to be deemed an authoritative expression on the subject. Chatham Phenix v. Crosney, supra, was a suit brought by creditors against the widow of the insured after the husband's death; and it was held merely that section 55-a exempted the insurance moneys in the hands of the widow. Maurice v. Travelers' Ins. Co., supra, decided only that a receiver in supplementary proceedings, appointed by the state court, was not entitled to the cash surrender value of life policies payable to the wife, even though there was a reserved power in the insured to change the beneficiary. The basis of the decision was that the receiver did not take the reserved power, and that Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, was inapplicable; and, although the opinion considered section 52, I do not think the court's interpretation of that section is binding. I am satisfied, therefore, that In re White and In re Samuels are still the law of this circuit.

The referee held that the trustee could not proceed against the bankrupt by summary petition, but should be relegated to a plenary suit. It is well settled, however, that the bankrupt court has summary jurisdiction over the bankrupt during the bankruptcy proceedings; and this summary power continues even after discharge, provided the estate is still open. In re Margolies (C. C. A.) 266 F. 203.

The proceedings, in so far as the Equitable and Fidelity Mutual Companies were concerned, were discontinued by the trustee after those companies had made timely objection to the court's summary jurisdiction. The John Hancock Company, however, appeared generally, and answered the trustee's petition on the merits; and this, in effect, constituted a waiver on its part of the summary jurisdiction; and the subsequent attempt to withdraw was plainly abortive.

It follows that the petition to review is sustained, and the trustee is entitled to a summary order against the bankrupt and the John Hancock Mutual Life Insurance Company, as prayed for in the petition.